| | |
|---|---|
| ALICE WEBBER | Case No. 2015-00449 |
| Plaintiff | Judge Patrick M. McGrath |
| | Magistrate Anderson M. Renick |
| v. | |
| | DECISION |
| OHIO DEPARTMENT OF PUBLIC SAFETY | |
| Defendant | |

{¶1} On August 17, 2016, the court issued an entry which granted, in part, defendant's motion for judgment on the pleadings and dismissed plaintiff's claims based upon civil conspiracy, both intentional and negligent infliction of emotional distress, and negligent supervision. On February 13, 2017, defendant filed both a motion for summary judgment pursuant to Civ.R. 56(B) on plaintiff's defamation claim and any immunity issues and a motion for leave to file a long supporting brief. On March 3, 2017, plaintiff filed a response. On March 13, 2017, defendant filed both a supplemental memorandum in support of its motion for summary judgment and a motion for leave to file the same. Defendant's February 13, 2017 and March 13, 2017 motions for leave are GRANTED. Plaintiff's March 20, 2017 motion to strike defendant's March 13, 2017 motions is DENIED. The motion for summary judgment is now before the court for a non-oral hearing.

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as

stated in this rule.  A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317 (1977).

{¶4} At all relevant times, plaintiff was employed as an Assistant Director of the Lorain County Emergency Management Agency (LCEMA).  In May 2014, a flooding event occurred in Lorain County.  At the time, Tom Kelly, the LCEMA director, was out of state and plaintiff was in charge of coordinating the agency's response.  Cathy Deck and Leslie Bricker, liaisons for the Ohio Emergency Management Agency (OEMA), traveled to Lorain County to assist LCEMA.  Defendant's director, Nancy Dragani, requested information for the Governor's office and OEMA employees obtained information from Deck and Bricker which had been recorded in "street sheets" by county employees who had surveyed the flood damage.  The street sheets documented the preliminary damage assessment (PDA).  Thereafter, defendant's employee, Brigitte Bouska was directed by her supervisor, Laura Adcock, to review the street sheets. Bouska became concerned that some of the information in the street sheets was incorrect when, among other things, she noticed that all residents in one area had allegedly reported that they had flood insurance, even though she knew that many Ohio residents did not carry flood insurance.  Bouska asked Deck to verify certain information and Deck contacted plaintiff for clarification.

{¶5} Plaintiff called Bouska to provide additional information and, during the telephone conversation, Bouska asked plaintiff about areas that were not assessed. According to Bouska, plaintiff related that the area affected by the flooding had included "vulnerable populations," such as low-income, minority, and disabled residents.  Bouska

advised Adcock that she was concerned that information about certain areas had not been accurately represented on the street sheets. Bouska informed Adcock that at least one of the areas that was not assessed or reported on the street sheets had "Spanish speaking residents." Adcock directed Bouska to go to Lorain County and complete the PDA. Adcock spoke to plaintiff and requested a Spanish-English translator to assist Bouska in completing the PDA.

{¶6} After Director Dragani learned of the situation in Lorain County, she discussed the matter with Deputy Director, Sima Merick, and based upon their concern about Deck and Bricker's work on the PDA, they referred the matter to the Administrative Investigations Unit (AIU). The investigations supervisor in the AIU, Kathleen Botos, opened an investigation concerning the conduct of Deck and Bricker during the Lorain County flooding event. Botos prepared a report that summarized the investigation. (Defendant's Exhibit 1.) During the investigation, Botos learned that the telephone conversation between Bouska and plaintiff had been recorded. After listening to the recording, Botos determined that plaintiff's reference to Spanish-speaking residents concerned an area which had been assessed and that plaintiff had not stated that the areas that were not referenced on the street sheets had not been assessed because the residents spoke Spanish. Botos confronted Bouska about the discrepancy between her statement and the recording, but Bouska continued to maintain that she had accurately communicated her recollection of her conversation with plaintiff.

{¶7} According to Dragani, she investigated the conduct of Deck and Bricker and plaintiff was never the subject of her investigation. During her investigation, Dragani learned that Deck and Bricker denied hearing plaintiff make any inappropriate comments about race, ethnicity, or the ability to speak English. As a result of the investigation it was determined that there were no communities that were not assessed due to any language barrier and that Bouska misstated what plaintiff had reported to her in their telephone conversation. Dragani concluded that Bouska had not acted in a

malicious manner when she reported her concerns about the areas that were not assessed. However, Dragani determined that Bouska did not exercise due diligence in her review of the allegations.

**Defamation**

{¶8} In her second amended complaint, plaintiff states that defendant's employee, Bouska, provided false and defamatory statements to entities or individuals, including Adcock, Dragani, Andrew Elder, and Merick. Specifically, plaintiff alleges that the statements accused plaintiff of being discriminatory and racist for failing to perform her job duties based upon the ethnicity of the residents. Plaintiff also seeks a determination whether Bouska, Adcock, Dragani, Elder, and Merick are entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86.

{¶9} "To prevail on a defamation claim, whether libel or slander, a plaintiff must prove the following elements: (1) a false statement, (2) about the plaintiff, (3) was published without privilege to a third party, (4) with fault of at least negligence on the part of the defendant, and (5) the statement was either defamatory per se or caused special harm to the plaintiff." *Schmidt v. Northcoast Behavioral Healthcare*, 10th Dist. Franklin No. 10AP-565, 2011-Ohio-777, ¶ 8.

{¶10} "To constitute defamation per se, the 'words must be of such a nature that courts can presume as a matter of law that they tend to degrade or disgrace the person of whom they are written or spoken, or hold him up to public hatred, contempt or scorn.' *Moore v. P.W. Publishing Co.* (1965), 3 Ohio St.2d 183, 188, 209 N.E.2d 412. A statement is defamation per se if it "tends to injure a person in his or her trade, profession, or occupation * * * [and] both damages and actual malice are presumed to exist." *Knowles v. Ohio State Univ.*, 10th Dist. Franklin No. 02AP-527, 2002 Ohio 6962; *Lennon v. Cuyahoga Cnty. Juvenile Court*, 8th Dist. Cuyahoga No. 86651, 2006-Ohio-2587, ¶ 25.

{¶11} Defendant contends that plaintiff cannot establish a claim for defamation because the alleged comments are not actionable and constitute mere opinion. Defendant cites a series of cases from other jurisdictions where courts have held that, in particular circumstances, defamation claims cannot be predicated upon accusations of racism. *See Stevens v. Tillman*, 855 F.2d 394, 400-402 (7th Cir. 1988) (concluding accusation of racism was not actionable because it was an opinion). However, the court notes that Ohio courts have determined that "[b]eing referred to as a racist may, at times, constitute defamation per se." *Lennon* at ¶ 28.

{¶12} The Tenth District Court of Appeals has observed that Ohio has adopted the "innocent construction rule." *Sweitzer v. Outlet Communications*, Inc. 133 Ohio App.3d 102, 112 (10th Dist.1999). Under the innocent-construction rule, "if an utterance is reasonably susceptible to both a defamatory and an innocent meaning, as a matter of law, the innocent meaning is to be adopted." *Id.*

{¶13} Plaintiff claims that Bouska uttered defamatory statements alleging that plaintiff did not perform her job duties because of bias or prejudice regarding "Spanish people" in the communities that were being assessed. Defendant argues that such statements do not impute bigotry to plaintiff and that an equally innocent construction is that the community was not assessed for damages because there may have been a language barrier in the Spanish-speaking community. The court agrees.

{¶14} In her deposition, plaintiff testified that she was aware that at least part of the area that was being assessed had Spanish-speaking residents. (Plaintiff's deposition, pages 115-116). Plaintiff also acknowledged that she was asked by defendant's employees about the availability of a Spanish-English interpreter to assist with the assessment. Plaintiff admitted that she was not aware of anyone who had directly accused her of being a racist as a result of either the incident or the subsequent investigation. (Plaintiff's deposition, page 138.)

{¶15} Considering the context from which the statements arose, the court finds that, there is a reasonable innocent construction and, therefore, this construction must be adopted. Accordingly, the court finds that, as a matter of law, the statements at issue are not defamatory and plaintiff cannot prevail on her defamation claim.

**Civil Immunity**

{¶16} Plaintiff also seeks a determination whether Bouska, Adcock, Dragani, Elder, and Merick are entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86.

{¶17} R.C. 2743.02(F) states, in part:

{¶18} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶19} R.C. 9.86 states, in part:

{¶20} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶21} In its motion for summary judgment, defendant presented evidence to show that, at all times relevant to this action, its employees acted within the scope of their employment and without malicious purpose, in bad faith, or in a wanton or reckless manner. Plaintiff's response to the motion for summary judgment failed to present any evidence or legal argument to support a finding that defendant's employees are not

entitled to civil immunity. Therefore, the court finds that that Bouska, Adcock, Dragani, Elder, and Merick are entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against them based upon the allegations in this case.

{¶22} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment shall be granted.

PATRICK M. MCGRATH
Judge

[Cite as *Webber v. Ohio Dept. of Public Safety*, 2017-Ohio-2695.]

| | |
|---|---|
| ALICE WEBBER | Case No. 2015-00449 |
| Plaintiff | Judge Patrick M. McGrath |
| | Magistrate Anderson M. Renick |
| v. | |
| | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF PUBLIC SAFETY | |
| Defendant | |

{¶23} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. The court finds that Brigitte Bouska, Laura Adcock, Nancy Dragani, Andrew Elder, and Sima Merick are entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against them based upon the allegations in this case. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

John J. Gill
7081 Pearl Road
Middleburg Heights, Ohio 44130

Velda K. Hofacker
Assistant Attorney General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

**Filed March 31, 2017**
**Sent to S.C. Reporter 5/5/17**